UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ARCHIE DUNKLIN, JR., and<br>JOHN L. TOLLIVER<br><br>    Defendants. | Case No. 04-cr-40014-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Archie Dunklin, Jr.'s ("Dunklin") motion for a new trial or, in the alternative, judgment of acquittal notwithstanding the verdict (Doc. 109). The government has responded to the motion (Doc. 119). The Court also considers defendant John L. Tolliver's ("Tolliver") motion for leave to join in Dunklin's motion (Doc. 126), to which the government has also responded (Doc. 128). The Court construes Tolliver's motion as a motion for a new trial or for judgment of acquittal in light of the fact that that is the relief it ultimately seeks.

On March 23, 2005, a jury convicted Dunklin and Tolliver of conspiring to distribute and to possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a) and 846. Included in the jury's findings was a special verdict indicating that the jury unanimously agreed that the conspiracy involved 50 grams or more of crack cocaine. On April 2, 2005, Dunklin filed the pending motion asking the Court to grant him a new trial, presumably pursuant to Federal Rule of Criminal Procedure 33, and a judgment of acquittal, presumably pursuant to Federal Rule of Criminal Procedure 29. On June 7, 2005, Tolliver filed his motion to join Dunklin's motion.

The motions can be quickly resolved. The Court does not have jurisdiction to consider Dunklin's or Tolliver's motion because neither was timely filed. A motion for a new trial that is not based on newly discovered evidence must be filed within 7 days of the guilty verdict, or within any further time that the Court sets within that 7-day period. Fed. R. Crim. P. 33(b)(2). Similarly, a motion for judgment of acquittal must be made within 7 days of a guilty verdict, or within any further time that the Court sets within that 7-day period. Fed. R. Crim. P. 29(c)(1). The Court is without power to extend these time limits outside of the 7-day period. Fed. R. Crim. P. 45(b)(2); *United States v. Robinson*, 361 U.S. 220, 229 (1960). If a motion is untimely, the Court does not have jurisdiction to consider it. *United States v. Eberhart*, 388 F.3d 1043, 1049 (7th Cir. 2004), *petition for cert. filed*, Case No. No. 04-9949 (May 2, 2005) (motion for new trial); *United States v. Washington*, 184 F.3d 653, 659 (7th Cir. 1999) (motion for a new trial); *Carlisle v. United States*, 517 U.S. 416, 421 (1996) (motion for judgment of acquittal).

In this case, neither defendant requested, and the Court did not set, a time beyond the 7-day period in which post-trial motions could be filed. Thus, Dunklin and Tolliver were required to file their motions for a new trial and for judgment of acquittal within 7 days after the verdict. Counting according to Rule 45(a), that period ended April 1, 2005. Dunklin's April 2 motion was a day late, and Tolliver's June 7 motion was more than two months late. Thus, the Court does not have jurisdiction to entertain the motions and must therefore dismiss them.

For these reasons, the Court **DISMISSES** the pending motions (Docs. 109 & 126).

**IT IS SO ORDERED.**
**DATED:  June 22, 2005**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**