UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 04-cr-40014-JPG |
| JOHN TOLLIVER, | |
| Defendant. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on several motions filed by defendant John Tolliver.

**I.       Motion for Extension of Time to File Motion Under 28 U.S.C. § 2255 (Doc. 191)**

A petitioner can only file a motion attacking his sentence under 28 U.S.C. § 2255 within one year of the latest of four events, usually the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255 ¶ 6.  Tolliver asks the Court to extend the deadline in this case to November 17, 2007, because he thinks he will have trouble obtaining the transcripts he thinks he needs to prepare his motion.  The government has responded to the motion (Doc. 194).

The Court cannot grant the extension Tolliver seeks.  Section 2255 itself provides no authority for the Court's granting an extension of the one-year deadline.  However, because the one-year deadline is procedural and not jurisdictional, a late filing may be excused at the time of filing by equitable tolling or estoppel.  *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999), *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).  Nevertheless, the Court cannot grant a pre-filing extension and accordingly **DENIES** Tolliver's motion (Doc. 191).

**II.      Motion for Order for Access to Court Documents (Doc. 192) and Motion for Leave to Proceed *In Forma Pauperis* (Doc. 193)**

The Court construes this motion as a motion for free copies of documents in the Court

file. Tolliver asks the Court to provide him a number of items related to his case: transcripts of events relating only to co-defendants, his arraignment, his bond hearing, and jury selection; the jury instructions; the indictments; waivers he signed; the evidence used against him at trial; and government witness statements. He claims he needs those materials to prepare his § 2255 motion. The government has responded to Tolliver's motion (Doc. 195).

Many of the materials Tolliver requests are not contained in the Court's files (the evidence used against him, the government witness statements and waivers not in the record). Therefore, it cannot provide them to him. Once Tolliver has filed his § 2255 motion, he may petition the Court for discovery under Rule 6 of the Rules Governing Section 2255 Proceedings.

Other materials Tolliver requests do not exist. For example, transcripts have not been prepared for Tolliver's arraignment, bond hearing and jury selection. When transcripts have not been prepared, a defendant has a right to have transcripts prepared at the government's expense under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that he is indigent, and (2) whether the transcript is needed to decide an issue presented by a *pending* and non-frivolous action. *See* 28 U.S.C. § 753(f) (emphasis added). These requirements do not violate the Constitution. *See United States v. McCollum*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection).

As for the materials contained in the Court file, the Court will not provide those free of charge unless Tolliver can make some further showing. *See Rush v. United States*, 559 F.2d 455 (7th Cir. 1977) (holding that prisoners without counsel have a right to reasonable access to existing files in their underlying case prior to filing of petition collaterally attacking their sentence). Before providing copies free of charge, a district court may require the requester to

show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *United States v. Groce*, 838 F. Supp. 411, 413-14 (E.D. Wis. 1993). These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

It appears that Tolliver has exhausted his other sources – his attorney – for obtaining the court documents he seeks. He has also provided by separate motion for leave to proceed *in forma pauperis* (Doc. 193) sufficient evidence, including his trust account statement for the previous six months, that he is indigent. He has not, however, provided evidence that he needs the documents for a non-frivolous action. He has not filed his § 2255 motion yet, so the Court is unable to make this determination. Bald allegations that he needs the documents now will not do.

For these reasons, the Court **DENIES without prejudice** Tolliver's motion for free copies of documents related to his case (Doc. 192) and his motion for leave to proceed *in forma pauperis* (Doc. 193).

**IT IS SO ORDERED.**
**DATED:  February 26, 2007**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**