IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
vs. ) No. 04-cr-40014-003 JPG
)
JOHN L. TOLLIVER, )
)
    Defendant. )

**<u>MEMORANDUM AND ORDER</u>**

    This matter comes before the Court on defendant John Tolliver's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 213). The Court appointed counsel for Tolliver, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 230). *See Anders v. California*, 386 U.S. 738, 744 (1967). Tolliver has responded (Doc. 234) and has filed a motion to amend his motion (Doc. 232). In both filings, he advances the argument that the Court erred in failing to apply the safety valve when calculating his sentence. *See* 18 U.S.C. § 3553(f). In his motion to amend, he essentially concedes that he is ineligible for a reduction pursuant to § 3582(c)(2) unless the safety valve applied.

    As a preliminary matter, the Court found at sentencing that the safety valve did not apply in Tolliver's case. It did this because Tolliver did not satisfy the condition in 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5) regarding cooperation with the government. Tolliver's recent safety valve argument that seeks to vacate, set aside or correct his sentence should have been raised in his direct appeal or in a motion pursuant to 28 U.S.C. § 2255. The Court has no jurisdiction to consider such arguments in these proceedings, which are solely concerned with

retroactive changes to the sentencing guidelines. The Court therefore will deny his motion for leave to amend his reduction motion (Doc. 232). The Court now turns to the merits of Tolliver's reduction motion.

Tolliver was convicted by a jury of one count of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Tolliver's relevant conduct was at least 50 grams but less than 150 grams of crack cocaine, which under United States Sentencing Guideline Manual[1] ("U.S.S.G.") § 2D1.1 yielded a base offense level of 32. No adjustments were made to that level. Considering Tolliver's criminal history category of I, this yielded a sentencing range of 121 to 151 months in prison. However, because the government had filed an enhancement pursuant to 21 U.S.C. § 851, Tolliver's statutory minimum sentence was 20 years. *See* 21 U.S.C. § 841(b)(1)(A). Consequently, pursuant to U.S.S.G. § 5G1.1(b), his guideline sentence became 240 months. Tolliver now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2004 United States Sentencing Guidelines Manual.

reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, No. 08-9042, 77 U.S.L.W. 3558 (U.S. Apr. 6, 2009).

Tolliver cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose minimum guideline sentence was determined under U.S.S.G. § 5G1.1(b) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts. *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum."). Because Tolliver was sentenced based on his statutory minimum sentence in accordance with U.S.S.G. § 5G1.1(b), not his base offense level set forth in U.S.S.G. § 2D1.1, under the old and amended guidelines, his guideline sentence would have been 240 months. Thus, the amendments did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Tolliver cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request.  *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 230) and **DISMISSES** Tolliver's motion for a sentence reduction (Doc. 213) for **lack of jurisdiction**.  The Court further **DENIES** Tolliver's motion for leave to amend his reduction motion (Doc. 232).  The Clerk is **DIRECTED** to mail a copy of this order to Defendant John Tolliver, #06270-025, FCI- Forrest City Low, P.O. Box 9000, Forrest City, AR 72336.

**IT IS SO ORDERED.**
**Dated this 20th day of May, 2009.**

        s/ J. Phil Gilbert
        **J. PHIL GILBERT**
        **U.S. DISTRICT JUDGE**