IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                                    No. 04-cr-40014-003 JPG

JOHN L. TOLLIVER,

     Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant John L. Tolliver's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 257).   Counsel voluntarily appeared for Tolliver and has since moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 263).   *See Anders v. California*, 386 U.S. 738, 744 (1967).   The Government has responded to counsel's motion expressing no objection to counsel's withdrawal (Doc. 265).   Tolliver has not responded, although he was given an opportunity to do so.

Tolliver was convicted by a jury of one count of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine.   At sentencing, the Court found by a preponderance of the evidence that Tolliver's relevant conduct was at least 50 grams but less than 150 grams of crack cocaine, which under United States Sentencing Guideline Manual[1] ("U.S.S.G.") § 2D1.1 yielded a base offense level of 32.   No adjustment was made to that level.   Considering Tolliver's criminal history category of I, this yielded a sentencing range of 121 to 151 months in prison.

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 2004 United States Sentencing Guidelines Manual.

However, because the government had filed an enhancement pursuant to 21 U.S.C. § 851,

Tolliver's statutory minimum sentence was 20 years.   *See* 21 U.S.C. § 841(b)(1)(A).

Consequently, pursuant to U.S.S.G. § 5G1.1(b), his guideline sentence became 240 months.

Tolliver now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his

sentence.   Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some

base offense levels associated with various relevant conduct drug amounts.   The relevant parts of

Amendment 782 are retroactive but cannot become retroactively effective until November 1,

2015.   *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence

where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range

that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.

994(o) . . . ."   In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and

must ensure that any reduction "is consistent with applicable policy statements issued by the

Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Thus, a defendant urging a sentence

reduction under § 3582(c)(2) must satisfy two criteria:   (1) the Sentencing Commission must have

lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with

applicable policy statements issued by the Sentencing Commission.   If an amendment does not

lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the

merits.   *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).   Although Amendment 782

amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based on a mandatory minimum sentence under U.S.S.G. § 5G1.1(b), not the base offense level set forth in U.S.S.G. § 2D1.1.   Had the Government moved for a reduction below the mandatory minimum sentence based on the defendant's substantial assistance, the Court would have been able to disregard U.S.S.G. § 5G1.1(b) and the mandatory minimum sentence when determining the amended guideline range, and the defendant would have been eligible for a sentence reduction.   *See* U.S.S.G. § 1B1.10(c).   However, the Government made no such motion in this case.   Accordingly, the Court finds the defendant's offense level and his guideline range has not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.   *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** the defendant's *pro se* motion (Doc. 257), **GRANTS** counsel's motion to withdraw as attorney (Doc. 263) and **ORDERS** that counsel Judith A. Kuenneke is **WITHDRAWN** from this matter.

**IT IS SO ORDERED.**
**DATED:   August 27, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

3